IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

   v.  :  Criminal No.  1:2012-cr-00059-01 (EGS)

DARNELL ANTONIO PARKER,  :

   Defendant.  :

### DEFENSE POSITION ON CRIMINAL HISTORY

DARNELL PARKER, through counsel, presents this Position to this Court regarding his criminal history and requests that the Criminal History of VI be adjusted to V. Although the Guidelines are now advisory under *United States v. Booker*, 534 U.S. 20 (2005) and a sentencing court may sentence outside of the Guidelines, even on the basis of disagreement with Guidelines policy, *see, e.g., Kimbrough v. United States*, 552 U.S. 85 (2007), the Guidelines must first be calculated accurately. *See, Rita v. United States*, 551 U.S. 338 (2007).

Calculating the Guidelines in this case, leads to an offense level of 34 because this is a third offense and the maximum sentence is life. That places the offense level at 37 under Guideline §§ 4B1.1(a) and (b)(1). Applying a 3 level reduction for acceptance of responsibility under Guideline § 3E1.1 reduces the offense level to 34. The Criminal History under § 4B1.1 is VI; however, this Court has authority to adjust it one category down under § 4A1.3(b)(3)(A).

The defense requests that this Court exercise its discretion because a Criminal History of VI overstates Mr. Parker's Criminal History and likelihood of recidivism. Aside from the fact that he is in his 40s and at an age not likely to come into the system again, even with a statutory mandatory minimum sentence of 10 years, there are facts about his prior convictions


which support this request. Before moving on to the prior convictions, it should be noted that in the Application Notes for downward departures, under § 4A1.3(d), the "Background" policy statement recognizes that younger defendants may pose a greater risk of recidivism than older defendants. Statistically, that has generally shown itself to be accurate. It applies to Mr. Parker who is in his early forties.

Insofar as Mr. Parker's two prior convictions are concerned, it is noteworthy that there was no intervening arrest between the first offense and the second offense. The lack of a prior, intervening arrest is a factor for this Court's consideration in this request. *See, e.g.*, Guideline § 4A1.2(a)(2). The lack of a prior intervening arrest in his particular circumstance has more than one facet.

The marijuana offense in Maryland principally involved a person named Jamie Allen, who was a marijuana seller in Washington County, Maryland. His main source of supply was Curtis Hatley. An early January 1999 arrest of Barnhart and Brown apparently led to a stronger case against Mr. Allen. Allen was involved in a wired call to Curtis Hatley in early 1999, which also involved Mr. Parker. After that call, law enforcement, however, seemed to have gathered no information nor to have conducted any additional investigation leading to new evidence for the remainder of 1999. They did not bring any charges against Mr. Parker until nearly a year later in December of 1999. That was approximately one month after Curtis Hatley had died. Mr. Hatley was, therefore, no longer available to help Mr. Parker's defense by explaining the mitigating nature of his involvement. Mr. Parker was not even aware that he had been charged in Maryland, and no effort appears to have been made to either find or arrest him in 1999 nor after he was charged. He had a valid photo i.d. driver's license at the time. It

is believe that his license was to his grandparent's address.  Neither they, nor his mother, were contacted by police about locating him.

He was arrested in May, 2001 in California.  That information was entered into the national criminal information network (NCIC).  Washington County, Maryland had not entered their case into NCIC, so far as we can tell, and took no action until some time after the December 1999 warrant.  Eventually, Mr. Parker ended up in North Kern State Prison in December of 2001.  In February 2003, based on an interstate compact on detainer's request by him, Mr. Parker was transferred to Washington County, Maryland.  He had discovered the Washington County charge after he entered the California State prison system.

Once he was in Maryland, his defense counsel apparently conducted no investigation regarding the application of undue delay under *Barker v. Wingo*, 407 U.S. 514 (1972) and the prejudice he suffered by Curtis Hatley's death during the County's unexplained delay of nearly one year in charging him.  It is too late to seek any relief under *Strickland v. Washington*, 466 U.S. 668 (1984), and the relief would most likely have been mitigation of punishment, but these facts, including the loss of Curtis Hatley bear some consideration.

Under the totality of the circumstances, including the lack of an intervening arrest and Mr. Parker's age, he, as an older defendant, poses a lesser risk of recidivism, therefore, adjusting his Criminal History from VI to V, would be a appropriate exercise of this Court's discretionary authority.  The resulting Guideline sentence is still very significant.  The Defense appreciates the fact that the United States has indicated that it will not oppose this request.

                                                Respectfully submitted,

                                                DARNELL ANTONIO PARKER
                                                By Counsel

/S/_____
MARVIN D. MILLER
DC Bar #186734
Counsel for Darnell Parker
1203 Duke Street
Alexandria, VA 22314
Phone:  (703) 548-5000
katherine@marvinmilleratlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michelle A. Zamarin, Esq.
United States Attorney's Office
555 Fourth Street, NW
Washington, D. C. 20001
(202) 252-1768
michelle.zamarin@usdoj.gov

Thomas A. Gillace, Esq.,
United States Attorney's Office
555 Fourth Street, NW
Washington, D. C. 20001
(202) 252-1791
thomas.gillice@usdoj.gov

/S/_____
MARVIN D. MILLER
Counsel for Darnell Parker