**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
DARNELL PARKER,                     )
                                    )
          Petitioner,               )
                                    )
     v.                             )
                                    )   Crim. Action No. 12-59 (EGS)
                                    )
UNITED STATES OF AMERICA            )
                                    )
          Respondent.               )
_____)

**MEMORANDUM OPINON**

   Defendant Darnell Parker ("Mr. Parker") is serving a 19-year

sentence on drug and money laundering charges at the Federal

Correctional Insitute in Allenwood, Pennsylvania. Pet.'s Mot.

Vacate, ECF No. 530. In May 2014, Mr. Parker filed a

motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or

correct his sentence. _Id._ Mr. Parker claims that he received

ineffective assistance of counsel from his pre-plea attorney,

Kira West ("Attorney West"), and his subsequent attorney, Marvin

Miller ("Attorney Miller"). Pet.'s Mem. Supp. Mot. Vacate

("Pet.'s Mem. Supp."), ECF No. 530 at 15-21. Mr. Parker also

argues that the court erred by failing to consider the 18 U.S.C.

§ 3553(a) factors during Mr. Parker's sentencing. Pet.'s First

Suppl. Mem., ECF No. 545 at 4-5. For the reasons discussed

below, and upon consideration of Mr. Parker's motion,

supplements, the government's opposition, and Mr. Parker's reply, Petitioner's § 2255 motion is **DENIED WITH PREJUDICE.**

## I.  Background

On May 8, 2012, Mr. Parker was charged in a superseding indictment with two counts related to an alleged conspiracy to possess and distribute cocaine and five counts related to money laundering. Indictment, ECF No. 123.[1] On December 20, 2012, the government filed a superseding information charging Mr. Parker with one count of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine in violation 21 U.S.C. § 846 and one count of laundering of monetary instruments in violations of 18 U.S.C. § 1956(a)(1)(B)(i). Superseding Information, ECF No. 253. On December 21, 2012 Mr. Parker pled guilty to both counts of the superseding information. Plea offer, ECF No. 258; Plea Hearing Tr., Resp't Opp'n Mem. Def.'s Mot. ("Resp't Opp'n Mem."), Ex. F.

Mr. Parker was sentenced on May 9, 2013. *Id.*, Ex. J. Because Mr. Parker was previously convicted on two felony drug charges

---

[1] Specifically, the counts alleged against Mr. Parker were: (1) one count of conspiracy with intent to distribute and possession with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C § 846; (2) one count of unlawful possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii); and (3) five counts of laundering of monetary instruments in violations of § 18 U.S.C. § 1956(a)(1)(B)(i).

(California Case No. GA04608401 and Maryland Case No. 21K03031669), he is classified as a career offender under the U.S. Sentencing Guidelines ("Sentencing Guidelines"). Presentence Investigation Report, ECF No. 345 at 16. In his plea agreement, Mr. Parker acknowledged his status as a career offender and that he would face heighted penalties under the Sentencing Guidelines. Plea Agreement Letter, ECF No. 258 at 1-3. Mr. Parker also agreed to the forfeiture of certain property derived from the proceeds of the offenses charged in the written plea agreement he signed. Plea Agreement, ECF No. 258 at 5. Specifically, Mr. Parker forfeited a collection of shoes, purses, and a fur coat. *Id*. Am. Final Order of Forfeiture, ECF No. 490.

On March 25, 2013 Mr. Parker filed a motion to reduce his criminal history score from VI to V. Pet.'s Sent. Mem., ECF No. 357. The government did not oppose the motion and on May 9, 2013, the Court lowered Mr. Parker's criminal history score to V, reducing Mr. Parker's sentencing range from 262 months to 327 months to 235 to 293 months. Sent. Tr., ECF No. 552, Ex. H at 14; Presentence Investigation Report. Mr. Parker was sentenced to 235 months of imprisonment followed by 60 months of supervised release. Judgment, ECF No. 412.

## II.   Standard of Review

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed "in violation of the Constitution or laws of the United States," or any sentence that "the court was without jurisdiction to impose," or that is "in excess of the maximum authorized by law," or is "otherwise subject to collateral attack." 28 U.S.C. § 2255. The defendant must prove his allegations by a preponderance of the evidence, however a challenge under § 2255 "requires the defendant to show a 'good deal more than would be sufficient on a direct appeal from his sentence.'" *United States v. Lancaster*, No. CIV 05-838 (EGS), 2007 WL 779039, at 1 (D.D.C. Mar. 7, 2007) (citing *United States v. Pollard*, 959 F.2d 1011, 1120 (D.C. Cir. 1992)). "A § 2255 motion may be denied when it 'offers only bald legal conclusions with no supporting factual allegations.'" *Aljaff v. United States*, 987 F. Supp. 2d 64, 66 (D.D.C. 2013) (quoting *Mitchell v. United States*, 841 F. Supp. 2d 322, 328 (D.D.C. 2012)).

## III.   Discussion

Mr. Parker makes three arguments in support of his § 2255 Motion. First, Mr. Parker argues that Attorney West provided ineffective assistance of counsel because she failed to investigate how various shoes, purses, and a fur coat forfeited by Mr. Parker were procured. Pet.'s Mem. Supp. at 18. Next Mr.

4

Parker alleges that his subsequent counsel, Attorney Miller, was ineffective for failing to challenge his prior Maryland conviction, the purported miscalculation of his criminal history points, and his status as a career offender. *Id.* at 19. Finally, Mr. Parker argues that the Court erred by not considering the 18 U.S.C. § 3553(a) factors during his sentencing. Pet.'s First Suppl. Mem. at 4-5. Each of Mr. Parker's arguments shall be addressed in turn.[2]

### A. Attorney West's representation of Mr. Parker was not ineffective because it was not objectively unreasonable

Mr. Parker alleges Attorney West rendered ineffective assistance causing him to suffer undue prejudice. Pet.'s Mem. Supp. at 18. Specifically, Mr. Parker alleges that "[h]ad attorney West only conducted the minimal investigation, she could of proven that Defendant's collection of shoes, his wife's purses, and personal belongings were not purchased from any proceeds derived from his charge of conviction." *Id.* The government argues that Mr. Parker's claims against Attorney West

---

[2] Mr. Parker requested an evidentiary hearing on his motion, however, an evidentiary hearing on a § 2255 motion need not be granted when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Mitchell v. United States*, 841 F. Supp. 2d 322, 327 (D.D.C. 2012) (noting that district courts are uniquely situated to determine whether a hearing should be granted based on the record).

are both vague and conclusory. Resp't Opp'n Mem. at 7-8.
Regardless, the government notes that Mr. Parker repeatedly
consented to the forfeiture of his belongings while he was
represented by Attorney West and Attorney Miller. *Id.* at 8-10.

   "To succeed on an ineffective assistance of counsel claim,
Defendant must show both that his counsel's performance was
deficient, falling below an objective standard of
reasonableness, and that counsel's deficient performance
prejudiced Defendant's defense." *Mitchell v. United States*, 841
F. Supp. 2d at 326 (citing *Strickland v. Washington*, 466 U.S.
668 (1984)). If a Defendant cannot meet either prong, a court
need not address the other. *Id.* As explained by the Supreme
Court:

> In any ineffectiveness case, a particular decision not
> to investigate must be directly assessed for
> reasonableness in all the circumstances, applying a
> heavy measure of deference to counsel's judgments. The
> reasonableness of counsel's actions may be determined or
> substantially influenced by the defendant's own
> statements or actions. Counsel's actions are usually
> based, quite properly, on informed strategic choices
> made by the defendant and on information supplied by the
> defendant . . . and when a defendant has given counsel
> reason to believe that pursuing certain investigations
> would be fruitless or even harmful, counsel's failure to
> pursue those investigations may not later be challenged
> as unreasonable.

*Strickland*, 466 U.S. at 691. The strong presumption that an
attorney's assistance was adequate cannot be overcome by "vague
or conclusory" allegations. *Aljaff*, 987 F. Supp. 2d at 67

(citing *United States v. Turner,* 818 F. Supp. 2d 207, 211 (D.D.C. 2011) (quotation marks omitted)).

Here, Mr. Parker does not identify what Attorney West would have uncovered or how she could have contested the forfeiture. All that Mr. Parker alleges is that if Attorney West had investigated the matter, she could have proven that his personal belongings were not obtained through illicit means. Pet.'s Mem. Supp. at 18. Because Mr. Parker fails to allege specific factual information about how these items were procured, Mr. Parker's claims against Attorney West must be dismissed as conclusory. *See, e.g., United States v. Gwyn*, 481 F.3d 849, 855 (D.C. Cir. 2007) (denying defendant's ineffective assistance of counsel claims and holding that the defendant must "show to the extent possible precisely what information would have been discovered through further investigation.").

Moreover, Mr. Parker repeatedly agreed to the forfeiture of his personal belongings. In a statement signed October 10, 2012, Mr. Parker informed Attorney West that he was agreeing to forfeit his personal belongings. Resp't Opp'n Mem. at 8; *see also* Ex. L. Further, when Attorney Miller served as his counsel, Mr. Parker signed his plea agreement which included the forfeiture of "miscellaneous shoes and purses, and a fur coat." Plea Agreement, ECF No. 258 at 5. Mr. Parker also agreed that "the proffer of evidence supporting his guilty plea was

sufficient evidence to support this forfeiture." *Id*. Mr. Parker swore under oath that he understood the agreement at the plea hearing. *Id.*; Plea Agreement Hr. Tr., ECF No. 552, Ex. F at 4,9.

Because Mr. Parker repeatedly agreed to the forfeiture of the contested shoes, purses, and fur coat, and because he continued to agree to their forfeiture even after his representation by Attorney West ended, Attorney West was not deficient for failing to investigate the source of the funds used to purchase these items. Because Attorney West's performance was not deficient, the Court need not address whether Mr. Parker suffered prejudice.

### B. Attorney Miller's representation of Mr. Parker was not ineffective because it was not objectively unreasonable

Mr. Parker also alleges that his sentencing counsel, Attorney Miller, rendered ineffective assistance of counsel. Specifically, Mr. Parker claims that "attorney Miller failed to raise or challenge the miscalculation of Defendant's criminal history points" and failed to challenge his previous Maryland conviction. Pet.'s Mem. Supp. at 19-20. The government argues that Mr. Parker was correctly sentenced as a career offender under the Sentencing Guidelines. Resp't Opp'n to Supp. at 3.

Mr. Parker argues that his criminal history points were miscalculated because his Maryland felony conviction would not be a felony under the Controlled Substances Act. Pet.'s Second

Suppl. Mem., ECF No. 553 at 4. Mr. Parker's argument fails. A career offender is a "defendant [that] has at last two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 2011 § 4B1.1(a)(3). A controlled substance offense is "an offense under federal *or state law*, punishable by imprisonment for a term exceeding one year . . ." 2010 §4B1.2(b). Mr. Parker had two prior felony drug convictions, one in Maryland and one in California. Resp't Mem. Opp'n, Ex. C at 5-6. Contrary to Mr. Parker's argument, his prior conviction need not be a felony under the Controlled Substances Act. Instead, either a state or federal felony conviction can serve as the predicate drug offense necessary to receive an enhanced sentence. *See e.g.*, *United States v. Draffin*, 286 F.3d 606, 608 (D.C. Cir. 2002) ("Section 4B1.1 enhances the sentence of a career offender, that is, a defendant whose offense of conviction is at least his third adult felony conviction of a crime of violence and/or a controlled substance offense.").

Mr. Parker cites *Carachuri-Rosendo v. Holder* and *United States v. Simmons* in support of his argument. 560 U.S. 563 (2010); 649 F.3d 237 (4th Cir. 2011). Both cases are distinguishable. In *Carachuri*, the defendant could have been prosecuted (and would have faced an enhanced sentence) for recidivist drug possession under federal law, but he was

prosecuted in state court and charged with a misdemeanor. *Id.* at 576. The government nevertheless argued that Carachuri's conviction met the criteria as a career offender under the sentencing guidelines because "hypothetically" the defendant could have been charged with a felony had he been prosecuted in federal court. *Id.* at 570. The Supreme Court rejected this "hypothetical" argument and affirmed that the defendant must have actually been convicted of a felony to receive an enhanced sentence. *Id.* at 576-577.

Pursuant to the guidance of *Carachuri*, the Court of Appeals for the Fourth Circuit in *Simmons* held that a non-felony conviction under state law could not serve as a predicate drug conviction necessary for an enhanced sentence. 649 F.3d at 249-250. In 1996 Defendant Simmons was convicted in North Carolina state court on drug conspiracy charges. *Id.* at 239. Although Simmons' offense was classified as a Class I felony under North Carolina law, it was not punishable by more than twelve months because the state failed to prove aggravating factors or that Simmons' had a prior record level of at least five. *Id.* at 241 (noting that because neither of the two conditions were satisfied, "the state judge did not sentence Simmons to a single day of imprisonment, instead imposing only six-to-eight months' community service."). Nevertheless, the federal government later sought to use Simmons' 1996 state conviction as a predicate to

impose an enhanced sentence under the Controlled Substances Act. *Id*. The Fourth Circuit rejected the government's argument. *Id*. ("As in *Carachuri*, the 'mere possibility that [Simmons's] conduct, coupled with facts outside the record of conviction, could have authorized a conviction of a crime punishable by more than one year's imprisonment cannot and does not demonstrate that Simmons was actually convicted of such a crime.").

Thus, neither *Simmons* nor *Carachuri-Rosendo* support Mr. Parker's argument here because the defendants in those cases were not actually convicted of two predicate felony offenses as required under U.S.S.G. 2011 § 4B1.1(a)(3). Here, Mr. Parker does not contest his previous two felony convictions, and notably, Mr. Parker was sentenced to five years imprisonment for his Maryland offense and three year imprisonment for his California offense. Resp't Opp'n Mem., Exs. A and B; Pre-Sent. Invest. Report, ECF No. 345 at 17. Mr. Parker points to no evidence that his criminal history points were calculated incorrectly. Therefore, Attorney Miller cannot be found to have provided ineffective assistance of counsel. *See United States v. Holland*, 117 F.3d 589, 594 (D.C. Cir. 1997) (noting that a lawyer is not ineffective for failure to file frivolous pleadings). Because Attorney Miller's performance was not deficient, the Court need not address whether Mr. Parker suffered prejudice.

### C. The Court properly considered the § 3553 (a) factors

Finally, Mr. Parker argues that the Court made "no explanation as to how or why it arrived at the sentence imposed" and that the Court did not consider the 18 U.S.C. § 3553(a) sentencing factors as required by law. Pet.'s First Suppl. at 4-5. The government argues that the record clearly demonstrates that the Court took into consideration the § 3553(a) factors. Resp't Opp'n Mem. at 13-14.

18 U.S.C. § 3553(a) requires sentencing courts to consider numerous factors when sentencing a defendant. Courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as:

> the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

18 U.S.C. § 3553(a)(1)-(2). The statute also requires consideration of the various sentences available, the sentencing range, pertinent policy statements issued by the Sentencing Commission, the need to provide restitution to victims, as well as the need to avoid discrepancies in

sentences between offenders guilty of similar conduct. 18 U.S.C. § 3553(a)(3-7).

Contrary to Mr. Parker's allegations, the record shows that the Court considered the § 3553(a) factors:

> My job is to impose—try to impose a sentence that is sufficient but not greater than what is necessary. Looking at the advisory guidelines, which I have; looking at the § 3553 factors, which I have; looking at all these folks here who love you dearly. . . I'm sure that you were a very positive role model and that is something that the court takes into consideration, you know, the family. That is one of the § 3553 factors.

Sentencing Tr., ECF No. 552, Ex. H at 31-33. Later the Court addressed the § 3553 factors again saying:

> "We talked about what you did, your role, and believe me, this is a big role. This was not dime bag stuff . . . you were a high level drug distributor . . . I think a sentence at the low end, balancing the § 3553 factors, looking at the advisory guidelines, looking at your role in the offense, looking at all of the characteristics, I think the sentence of 235 months is an appropriate sentence. I think it's fair. I think it's reasonable.

*Id.* at 34-35. Because the record confirms that the Court considered the § 3553(a) factors, Mr. Parker's claim of court error fails.

### D. Conclusion

Upon consideration of Mr. Parker's motion and supplements, the government's opposition, and Mr. Parker's reply, Mr.

Parker's § 2255 motion is **DENIED.**


**Signed:**     **Emmet G. Sullivan**
            **United States District Judge**
            **August 4, 2016.**